# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

SAM WILES, *et. al.*, )
       Plaintiffs, )
       vs. ) Case No. 09-04164-CV-C-NKL
LOCATEPLUS HOLDINGS CORPORATION, )
       Defendant. )

# O R D E R

Plaintiffs Sam Wiles and Carol Watkins bring this putative class action alleging claims for violation of the federal Driver's Privacy Protection Act, ("DPPA") 18 U.S.C. §§ 2721, *et. seq.*, and for unjust enrichment. Before the Court is Plaintiffs' Motion for Class Certification [Doc. # 39]. For the following reasons, the Court grants the motion.

## I.    Background

The DPPA prohibits disclosure or use of certain personal information without express consent. According to the second amended complaint, Plaintiffs and the putative class members are licensed drivers whose information is maintained by the Missouri Department of Revenue and other similar entities in other states. Plaintiffs allege that Defendant Locateplus Holdings Corporation obtained from the Missouri Department of Revenue Plaintiffs' and the putative class members' highly restricted and personal information in violation of the DPPA. Plaintiffs also say that Locateplus disclosed or used that information

1

in violation of the DPPA. Finally, Plaintiffs claim that Locateplus was thereby unjustly enriched.

Plaintiffs request certification of the following class:

"all licensed drivers in the state of Missouri whose highly restricted personal information and personal information from their motor vehicle record, as defined by 18 U.S.C. § 2725, was obtained, disclosed, or used by the Defendant, or any agent, officer, employee or contractor, therefore from August 14, 2005 to present in violation of the Driver's Privacy Protection Act, 18 U.S.C. §§ 2721, et. seq. Excluded from the Class are (1) any individual defendant; (2) any member of the immediate family of any individual defendant; (3) any officer, agent, or employee of the Defendant or family members thereof; (4) any of the undersigned attorneys or any member of the undersigned attorneys' immediate families; (5) the Court presiding over this case; and (6) any personnel of the Court presiding over this case."

The Court certified a virtually identical class in a related case, *Roberts v. Source for Public Data*, No 08-4167-CV-C-NKL.

**II. Discussion**

In considering whether class certification is appropriate, the Court does not address the merits of the parties' claims and defenses, but does probe behind the pleadings and look to what the parties must prove. *General Tel. Co. v. Falcon*, 457 U.S. 147, 160-61 (1982); *Elizabeth M. v. Montenez*, 458 F.3d 779, 786 (8th Cir. 2006). "In conducting this preliminary inquiry, however, the Court must look only so far as to determine whether, given the factual setting of the case, if the plaintiff[']s general allegations are true, common evidence could suffice to make out a prima facie case for the class." *Blades v. Monsanto Co.*, 400 F.3d 562, 566 (8th Cir. 2005).

Plaintiffs' proposed class definition must satisfy the requirements of Rule 23 of the

Federal Rules of Civil Procedure in order to be certified as a class action. Plaintiffs bear the burden of demonstrating that the proposed class meets these Rule 23 requirements. *See, e.g., Coleman v. Watt*, 40 F.3d 255, 258 (8th Cir. 1994).

The proposed class must meet all the criteria set out in Rule 23(a), commonly referred to as: (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation. If the defined class meets all four of these requirements, then the action must fit under at least one of the three subsections of Rule 23(b). *See, e.g., In re St. Jude Med., Inc.*, 425 F.3d 1116, 1119 (8th Cir. 2005).

### A.     Rule 23(a)

Plaintiffs set forth bases for satisfying the Rule 23(a) factors here. As to the first three factors, they note that potential class members number in the thousands, there are common questions of law and fact, and explain how Plaintiffs' claims are typical of those of the class. Locateplus does not dispute these statements and the Court finds that those factors have been met.

#### 1.     Adequacy

Locateplus does, however, dispute the adequacy of Plaintiffs' class representation. Named class representatives must "fairly and adequately protect the interest of the class." Fed. R. Civ. P. 23(a)(4). The focus of the adequacy inquiry is whether "(1) the class representatives have common interests with the members of the class, and (2) whether the class representatives will vigorously prosecute the interests of the class through qualified

3

counsel." *Paxton v. Union Nat'l Bank*, 688 F.2d 552, 562-63 (8th Cir. 1982).

Locateplus argues that Plaintiffs are not adequate class representatives because they are "professional plaintiffs." Plaintiffs are each named Plaintiffs in three other putative class action lawsuits. Those suits are pending before this Court and are part of a series of cases related to this lawsuit which were filed by Plaintiffs' counsel over a short time period raising similar allegations of DPPA violations. Plaintiffs' presence in this cluster of cases is not enough to render them the type of career class action plaintiffs that the Court would consider disqualifying. *See Murray v. GMAC Mortg. Corp.*, 434 F.3d 948, 955 (7th Cir. 2006) (finding that a plaintiff who herself or whose family members had been involved in more than fifty Fair Credit Reporting Act lawsuits was not inappropriate for that reason; stating, "Repeat litigants may be better able to monitor the conduct of counsel, who as a practical matter are the class's real champions."); *Belmont Holdings Corp. v. Suntrust Banks, Inc.*, No. 1:09-cv01185-WSD, 2009 WL 3188695, at *3 (N.D. Ga. Sept. 29, 2009) (noting that participation as proposed lead plaintiff in four other actions did not render a named plaintiff inadequate where there was no showing that he had conflicts of interest or was incapable of fulfilling fiduciary duties owed to the class).

Locateplus notes that Plaintiff Wiles has been acquainted with one of his lawyers for seven years. Acquaintance with ones own lawyers is not a basis for disqualifying a named plaintiff.

Turning to the relevant inquiry, Plaintiffs have shown that their interests correspond

to those of the putative class members. They share the class interest in procuring relief to address the alleged violation of the plaintiffs' rights. There is no indication that their interest in procuring their own relief will be at the expense of other class members or will, in any other way, be antagonistic to the class interests.

Similarly, Plaintiffs have shown that they will vigorously prosecute the class claims through competent counsel. It could be said that Plaintiffs' and class counsel's participation in parallel suits demonstrates their competence to vigorously pursue the interests of the class in that both Plaintiffs and counsel will have particular familiarity with these types of claims. "In the absence of proof to the contrary, courts presume that Class counsel is competent and sufficiently experienced to vigorously prosecute the class action." *Morgan v. United Parcel Serv. of America, Inc.*, 169 F.R.D. 349, 357 (E.D. Mo. 1996). For purposes of this motion, Plaintiffs have shown that they and class counsel will fairly and adequately represent the class. The Court will continue to monitor the case to assure proper representation.

**B.     Rule 23(b)**

In addition to meeting the requirements of Rule 23(a), a case must also meet the requirements of one of the subdivisions of Rule 23(b) in order to proceed as a class action. Plaintiffs have failed to meet the burden of establishing that class action certification under Rule 23(b)(1) is needed to protect either plaintiffs' or Locateplus' interests. Similarly, they have not demonstrated that their claims – which focus on recovery of money damages – warrant certification under 23(b).

Therefore, the Court will consider certification under (b)(3). Rule 23(b)(3) provides that a class should be certified if "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Courts commonly refer to these two requirements as "predominance" and "superiority." *See Pichler v. UNITE*, 228 F.R.D. 230 (E.D. Pa. 2005).

The predominance requirement of Rule 23(b)(3) "trains on the legal or factual questions that qualify each class member's case as a genuine controversy." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591 (1997). This requirement is similar to Rule 23(a)(3)'s typicality requirement. *Id*. Predominance "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Id*.

Plaintiffs argue that certification under Rule 23(b)(3) is warranted because facts and legal issues are common to all class members. Objecting to certification under Rule 23(b)(3) specifically, defendants argue only that predominance is not present here because Plaintiffs stand to recover no more than *de minimus* relief. While some cases may have commented on this issue, it is not dispositive of the ultimate question of whether common issues of fact and law predominate.

Looking at the actual issues of fact and law presented by Plaintiffs' and the putative class members' claims reveals that they have much in common. Here, those questions

concern: Locateplus's conduct in obtaining or using personal information; whether that conduct violated the DPPA; the nature and extent of damages; and the nature and extent of statutory penalties. Those questions pervade each claimants' case. Plaintiffs have satisfied Rule 23(b)(3)'s predominance requirement.

With regard to superiority, Locateplus argues that allowing these claims to be prosecuted individually is the superior method of adjudication. It argues that recovery on individual claims would not be so low – where statutory damages, attorney fees, costs, and possibly punitive damages are available – that there is a disincentive to bring individual claims. However, the potential individual recovery in this case is not so high that it balances the practical costs to individuals of obtaining separate counsel and prosecuting individual cases.

Locateplus also argues that allowing the class to be certified will subject Locateplus to the possibility of a "horrendously"-high damages award. Locateplus's concerns are not a sufficient reason to deny class certification. The United States Court of Appeals for the Eighth Circuit has not addressed this issue, however, the Seventh Circuit, in Fair Credit Reporting Act statutory damages case, held that such concerns are best considered after the class has been certified. *Murray v. GMAC Mortg. Corp.*, 434 F.3d 948, 953-54 (7th Cir. 2006). . Denying class certification in order to limit recovery by forcing plaintiffs to litigate independently "has little to recommend it." *Murray*, 434 F.3d at 854; *see generally In re Federal Skywalk Cases*, 680 F.2d 1175, 1188 (8th Cir. 1982) (upholding class certification

under 23(b)(1) where individual claims could violate due process by resulting in "unlimited multiple punishment for the same act").

A class action is superior to other available methods. Given the large number of potential plaintiffs and the commonality of their claims, certifying the class will allow a more efficient adjudication of the controversy than individual adjudications would. If all plaintiffs filed separately, there would be thousands of individual actions each relying on identical conduct by Locateplus. A class action would more effectively utilize judicial resources.

### C.  Class Definition

Locateplus argues that Plaintiffs have not adequately defined the class because the proposed class members are not ascertainable or identifiable. Locateplus argues that the putative class members cannot be identified until after a determination on the merits. Of course, Locateplus opposes certification; but, in objecting to the class definition, it does not propose an alternative.

The proposed class includes those "whose highly restricted personal information from their motor vehicle record . . . was obtained, disclosed, or used by the Defendant" during the specified time period; the phrase "highly restricted personal information" in that definition refers to 18 U.S.C. § 2725(a), which specifies: "'highly restricted personal information' means an individual's photograph or image, social security number, medical or disability information."

A "class definition is inadequate if a court must make a determination of the merits


of the individual claims to determine whether a particular person is a member of the class." 5 James Wm. Moore et al., *Moore's Federal Practice* ¶ 23.21[3][c] (3d ed.2007); *Romberio v. Unumprovident Corp.*, No. 07-6404, 2009 WL 87510 at *7 (6th Cir. Jan. 12, 2009) (finding unsatisfactory a class definition which carried a need for individualized fact-finding). Plaintiffs allege that their information was obtained, disclosed, or used via electronic databases for commercial purposes without their consent; they allege that Locateplus maintains large databases of personal information and sells it. In order to be usable for commercial purposes, those databases must be searchable by various types of information; and the owner of those databases must have records of where and how it obtained the information in them. It is doubtful that the parties could not swiftly identify files containing photographs, social security numbers, and medical or disability records – and the source of that information – by means of objective electronic and records searches. Under the facts as alleged in this case – facts that Locateplus does not attempt to contradict in its briefing–, there is no basis for believing that identifying class members will require individualized investigation into the merits or into individualized facts. *See Fears v. Wilhelmina Model Agency, Inc.*, No. 02 Civ. 4911, 2003 WL 21659373, at *2-*3(S.D.N.Y. July 15, 2003) (explaining that a class should be defined based on objective criteria which are administratively feasible for the court to use in determining whether particular individuals are members of the class)).

**III.     Conclusion**

Accordingly, it is hereby ORDERED Plaintiffs' Motion for Class Certification [Doc. # 39] is GRANTED.

                                                 s/ Nanette K. Laughrey
                                                 NANETTE K. LAUGHREY
                                                 United States District Judge

Dated: August 2, 2010
Jefferson City, Missouri